## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

IN RE: WINDSOR WOOD CLAD
WINDOW PRODUCT LIABILITY           MDL No. 16-MD-02688
LITIGATION

This Document Relates to All Cases

## FINAL APPROVAL ORDER

WHEREAS Plaintiffs Ritchie, Schiller, Libsack, Kotys, George, Davias, Gengler, Forsters, Clarks, and Pledgers ("Named Plaintiffs") and Defendants The Windsor Window Company and Woodgrain Millwork, Inc. ("Defendants") have entered into a Class Action Settlement Agreement and Release ("Settlement Agreement") to settle the above-captioned litigation ("Litigation").

WHEREAS, the Settlement Agreement, together with its exhibits, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Litigation;

WHEREAS, Plaintiffs and Defendants have filed a Joint Motion for Final Approval of Class Settlement ("Motion");

WHEREAS, the Court, having read and considered the Settlement Agreement and its exhibits, the Motion, the pleadings, the brief filed by amicus curiae David and Paulette Kessler, and other papers on file in this action, and statements of counsel and David Kessler at the hearing in open court on this matter on July 6, 2018;

WHEREAS, the parties have agreed to modify the proposed class definition in response to the objection filed by amicus curie David and Paulette Kessler;

THE COURT HEREBY FINDS that the Motion should be GRANTED, the Settlement Agreement is approved, and that this Final Approval Order should be entered. Terms and phrases used in this Final Approval Order shall have the same meaning ascribed to them in the Settlement Agreement.

NOW, THEREOFRE, IT IS HEREBY ORDERED THAT:

**A. The Court Certifies the Settlement Class for Purposes of Settlement Only**

1.      The Court finds that the Settlement Class satisfies the requirements of Rule 23(a) and 23(b)(3) for settlement purposes only. The Settlement Class is defined as follows:

> All individuals and entities in the United States who are previous, current, or subsequent owners of a structure with Qualifying Windows ("Qualifying Structure") that has Additional Damage, or that has Qualifying Windows that exhibit Qualifying Damage by the end of the Claim Period.

2.      Specifically excluded from the Settlement Class are the following:

    i.   Defendants and their owners, subsidiaries and affiliates;

    ii.  Windsor's distributors and/or dealers;

    iii. Counsel of record in the MDL and Transferred Actions and their immediate family members;

    iv.  The judges who are or have been assigned to the MDL and Transferred Actions and their immediate family members; and

    v.   Any individual or entity that has previously settled disputes with Defendants that would otherwise be governed by this Agreement and for which there is a written settlement agreement, nor does the Settlement Class include any individual or entity that has asserted a claim in court or arbitration against Defendants and has had the claim dismissed with prejudice.

3.      Also excluded from the Settlement Class are those individuals and entities who timely and properly excluded themselves (or "opted out") from the Settlement Class. Therefore, in accordance with this Court's previous Order relating to the identification of timely and proper

opt-outs, those individuals and entities listed on Attachment 7 to the Settlement Administrator's Declaration are excluded from the Settlement Class.

4.      Any Settlement Class Member who or which did not submit a timely, written request for exclusion from the Settlement Class (i.e., become an Opt-Out) shall be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the release.

5.      The Court finds, for purposes of final approval and settlement, and for the reasons set forth the Motion, that: (a) the thousands of members of the Class, dispersed across the United States, are so numerous as to make joinder of all members of the Class impracticable; (b) there are questions of law and fact common to members of the Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the members of the Class; and (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class.

6.      Questions of law and fact common to the Settlement Class Members, as pertains to consideration of the Settlement, predominate over any questions affecting any individual Settlement Class Member. Finally, the Court finds that the class action mechanism provides a superior procedural vehicle for settlement of this matter compared to other available alternatives. Class certification promotes efficiency and uniformity of judgment because many Settlement Class Members will not be forced to pursue claims or execute settlements separately in various courts around the country.

7. Should the Settlement Agreement fail or be rescinded according to its terms, or in the event this Final Approval is reversed on appeal, Defendants shall retain their existing ability to assert that the Litigation may not be certified as a class action except for settlement purposes.

8. The Court appoints the Named Plaintiffs as representatives of the Settlement Class.

9. The Court appoints the following attorneys' as Settlement Class Counsel:

Daniel K. Bryson
Matthew E. Lee
Whitfield Bryson & Mason LLP
900 W. Morgan Street
Raleigh, North Carolina, 27603
Telephone: 919-600-5000
Facsimile: 919-600-5035

**B. The Court Finds that the Notice Program was Appropriately Administered, and was the Best Practicable Notice to the Class Under the Circumstances, Satisfying the Requirements of Rule 23 and Due Process.**

11. Pursuant to Fed. R. Civ. P. 23(d) and (e)(1), the Court finds that appropriate notice was given to the Settlement Class, and that Settlement Class Members were given reasonable and sufficient opportunity to exclude themselves from the Settlement or object to its terms.

12. The Court finds that such Notice (i) constitutes reasonable and the best practicable notice to Settlement Class Members under the circumstances of the Settlement; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency and the terms of the Settlement, their right to exclude themselves from the Settlement Class or to object to any part of the Settlement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons, entities, and/or organizations that fail to exclude themselves from

the Class; (iii) constitutes due, adequate, and sufficient notice to all persons, entities, and/or organizations entitled to receive notice; (iv) fully satisfied the requirements of the Constitution of the United States (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law; and (v) is based on the Federal Judicial Center's illustrative class action notices.

13.     The Court further finds that the Parties, through the Settlement Notice Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite 90-day period to comment or object to the Settlement before entering its Final Order and Final Judgment. No comments or objections were filed by any state or federal government official.

14.     The Court finds that the Settlement Administrator's direct mailing of the approved notice to Settlement Class members, the publication of a settlement website containing the approved Notice and other pertinent information about the litigation and proposed Settlement, the digital and print media publications of the approved Notice, and the telephone and other services provided by the Settlement Administrator were reasonable, adequate, and achieved the purposes for which they were intended.

15.     In all respects, the Court finds that the proposed Notice Plan was properly implemented, and: (i) was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; (ii) fairly and adequately described the terms and effects of the Settlement Agreement; (iii) fairly and adequately described the date by which Plaintiffs' Class Counsel must file the motion for final approval and motion for award of attorneys' fees and expenses; (iv) fairly and adequately described the method and date by which any member of the

Settlement Class may object to or comment upon the Settlement or exclude themselves from the Class; (v) set a date by which Settlement Class Counsel may respond to any objections to the Settlement; (vi) provided notice to the Settlement Class of the time and place of the fairness hearing; and (vii) constituted reasonable notice under the circumstances and otherwise meets all requirements of applicable law, including but not limited to Fed. R. Civ. P. 23 and the due process clause of the United States Constitution.

## C. The Court Finds that the Proposed Settlement is Fair, Adequate, and Reasonable, and Grants Final Approval of the Settlement.

16.     The Court finds that the proposed Settlement is fair, adequate, and reasonable. The Settlement provides significant compensation to the Settlement Class, comprising both monetary payments and replacement product.

17.     The Court finds that the Settlement resulted from extensive arm's-length, good-faith negotiations between Named Plaintiffs and Defendants, through experienced counsel, and that the Settlement Agreement was not the result of collusion.

18.     The Court finally approves the Settlement Agreement, and finds that the Agreement, along with its Exhibits, are: a) in all respects, fair, adequate, and reasonable; b) in the best interest of the Settlement Class; and c) are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law.

19.     The Court finds that the Settlement is fair, adequate, and reasonable based on the following factors, among other things: a) the absence of any fraud or collusion underlying the Settlement; b) the complexity, expense, uncertainty and likely duration of litigation if the Settlement were rejected; c) the Settlement's provision of meaningful and significant benefits to

the Class; and d) the lack of any meaningful opposition to the Settlement, including the lack of any meritorious objections.

20. The certification of the Settlement Class and approval of the proposed Settlement Agreement, and all actions associated with them, are undertaken on the condition that they shall be vacated if the Settlement is terminated or disapproved in whole or in part by the Court, or any appellate court and/or other court of review, in which event the Settlement Agreement and the fact that the Settlement was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class, or otherwise be used by any person for any purpose whatsoever, in any trial of this Litigation or any other action or proceedings, and each party will be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

21. The Court directs that Defendants shall, after the Effective Date has been reached, distribute either the approved payment amount or delivery of product as provided for under and within the time allowed by the Settlement Agreement and all applicable Orders of the Court.

**D. The Court has Given Due Consideration to the Concerns Raised by Amici Curiae to the Settlement.**

22. The Court finds that the process employed for providing members of the Settlement Class the opportunity to object to the Settlement was fair, adequate, and reasonable.

23. The Court further finds that while no objections to the settlement were filed, the Court allowed amici curiae David and Paulette Kessler to present their concern with the proposed Settlement concerning those individuals who have Qualifying Windows that do not exhibit visible wood rot. At the Fairness Hearing, the Parties' counsel and amici curiae discussed how to address that concern. In response, the Parties' counsel agreed to amend the class

definition such that Settlement Class members include only those individuals who owned or own Qualifying Structures with Additional Damage or that have Qualifying Windows that exhibit Qualifying Damage by the end of the Claim Period. The Court finds that the amended class definition resolves the concerns raised by amici curiae and this Court prior to the Fairness Hearing. Settlement Class Counsel is directed to provide the amended Settlement Class definition to the Settlement Administrator, who shall update the settlement website accordingly.

**E.  Application for Attorneys' Fees and Expenses**

24.    The Court hereby grants to Settlement Class Counsel an award of fees and expenses in the amount of $1,300,000.00, which the Court finds to be fully supported by the facts and applicable law. That award is consistent with the Settlement Agreement, Section XV.2., under which Defendants agreed not to oppose a fee-and-costs motion by Settlement Class Counsel if the motion sought no more than $1,300,000.00. This amount shall be paid by Defendants to Settlement Class Counsel within five (5) days of the Effective Date, provided however that the requirements of Section XV.7. of the Settlement Agreement are satisfied first. Defendants are discharged from any obligation for any attorneys' fees and/or costs to any counsel or law firm related to the MDL or any of the Transferred Actions other than the award granted herein.

25.    The Court finds that the parties' agreement with regard to the payment of fees and expenses was not negotiated while they were negotiating the other terms of the Settlement Agreement and that the Agreement was not the product of collusion or fraud.

26.    The requested fee is justified under a lodestar analysis adopted by the Seventh Circuit in *Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243 (7th Cir. 2014), and the Court finds that the lodestar method is the most appropriate and equitable

method for measuring the amount of attorneys' fees under the circumstances presented in this case. Settlement Class Counsel reports that over 2,700 hours have been recorded having a value in excess of $1,300,000 based upon reduced hourly rates and that they will incur additional time before the case is finally concluded. The Court finds that the hours of work performed were not excessive, redundant, or otherwise unnecessary.

27. Under the lodestar analysis approach, courts typically award a multiple of the lodestar based upon a number of factors. *See Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856-57 (7th Cir. 2009) (noting factors used to adjust an award based on the lodestar method). The requested fee amounts to a negative lodestar figure, which further supports the reasonableness of the fee award.

28. Settlement Class Counsel provided a declaration specifying that a total of $109,849.87 in the prosecution of this litigation on behalf of the Settlement Class. The Court finds their expenses were reasonably and necessarily incurred and, as a result, Settlement Class Counsel are entitled to reimbursement for their expenses as part of the award of $1,300,000.

**F. Service Awards**

29. The Settlement Agreement provides that Defendants, subject to the Court's approval and Section XIV, will pay $3,500 to each Named Plaintiff household for their service as settlement class representatives. The Court finds the payment of service awards is appropriate in this case in light of their work on behalf of the Settlement Class and that no Settlement Class Member has objected to these service awards. Defendants are directed to pay Settlement Class Counsel the sum of $35,000 for this purpose in accordance with the terms of the Settlement and, in turn, Settlement Class Counsel are directed to make the payments of $3,500 to each Named Plaintiff household, subject to Section XIV of the Settlement Agreement.

### G. Dismissal of claims, release, and injunction

30.    The Actions are hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Agreement.

31.    Upon entry of this Final Order Approving Class Action Settlement and final judgment, Named Plaintiffs and Settlement Class Members (except those individuals who are listed in Attachment 7 of the Settlement Administrator's Declaration) shall be bound by the release of claims set forth in the Settlement Agreement.

32.    The Court enjoins all Settlement Class Members (except those individuals who are listed in Attachment 7 of the Settlement Administrator's Declaration) from commencing or joining an action to pursue relief based on any of the Released Claims or from taking any other action to try to achieve relief for any of the Released Claims and ordering that any Named Plaintiff or Settlement Class Member who violates the Release by commencing, joining, or taking other action to obtain relief on any of the Released Claims shall be liable to Defendants for their attorneys' fees as provided in Section X.17. of the Settlement Agreement.

### H. Other provisions

33.    By reason of the Settlement, and there being no just reason for delay, the Court hereby enters final judgment in this matter. Without affecting the finality of the Final Order Approving Class Action Settlement or the final judgment, the Court retains continuing and exclusive jurisdiction over the Actions and all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose, provided, however, that, in accordance with Section IX.5. of the Settlement Agreement, any court or tribunal in which a Plaintiff Releasing Party brings a claim, lawsuit, or proceeding

in violation of this Agreement shall have jurisdiction to dismiss the action and take the other actions described in Section XIII of the Settlement Agreement.

34.    The claims and appeals process described in the Settlement Agreement is approved. Defendants are directed to make payment and/or deliver product in accordance with and within the time allowed by the Settlement Agreement.

35.    Nothing in this Final Order or the final judgment is intended to modify any term, condition, or requirement in the Settlement Agreement, with the exception of the modified class definition described here. In the event of any conflict between these documents, the terms, conditions, and requirements of the Settlement Agreement govern.

**SO ORDERED**


Dated:   7/11/18                          s/Lynn Adelman
                                          Hon. Lynn S. Adelman
                                          United States District Judge